Nicholas **LULOS** and Alberta Lulos,
Guardians of Victoria Angelina
Lulos, Appellants,

v.

**STATE** of Indiana, Appellee.

No. 02A03-8908-CV-345.

Court of Appeals of Indiana,
Third District.

Jan. 11, 1990.

Michael P. O'Hara, Barrett & McNagny,
Fort Wayne, for appellants.

Linley E. Pearson, Atty. Gen., William E.
Daily, Deputy Atty. Gen., Indianapolis, for
appellee.

HOFFMAN, Judge.

Appellants Nicholas and Alberta Lulos
appeal the Allen Superior Court's denial of
an amended petition authorizing a tubal
ligation for their incompetent adult daugh-
ter. The facts indicate that Victoria Lulos
was born July 4, 1968. Nicholas and Alber-
ta Lulos adopted Victoria when she was 2½

months old. Expert medical testimony re-
vealed that Victoria is autistic and mentally
retarded. Victoria cannot care for herself
in any way and needs constant supervision.
Nicholas and Alberta Lulos cared for Victo-
ria in their home for 20 years. The Luloses
contemplate placing Victoria in a co-ed
group home. Victoria is capable of concep-
tion but unable to care for a child. Be-
cause of Victoria's self-destructive tant-
rums, pregnancy would pose a health
threat to her and the fetus.

On November 9, 1987, the Allen Superior
Court appointed Nicholas Lulos as guardi-
an of Victoria. On November 14, 1988,
Nicholas and Alberta Lulos filed an amend-
ed petition to have a tubal ligation per-
formed on Victoria. The Luloses argue the
Allen Superior Court erred in the following:

"The Court finds that petitioner has
failed to sustain his burden of proof by
clear and convincing evidence that a life
threatening situation exist regarding the
relief sought in the petition.

Accordingly, the Petition to Have Tubal
Ligation performed on incompetent is
hereby denied."

IND.CODE § 33-4-4-3 (1988 Ed.) con-
fers original jurisdiction in all civil cases to
the circuit court. IND.CODE § 33-5-5.1-4
(1988 Ed.) provides that the Allen Superior
Court has the same jurisdiction as the Al-
len Circuit Court. Neither by statute nor
by case law has the broad jurisdiction
granted to the Allen Superior Court been
circumscribed to foreclose consideration of
a guardian's petition for sterilization of an
incompetent adult. *See Stump v. Spark-
man* (1978), 435 U.S. 349, 358, 98 S.Ct.
1099, 1105, 55 L.Ed.2d 331.

IND.CODE § 16-8-12-4(a) (1988 Ed.)
permits a judicially appointed guardian to
consent to health care for an adult incapa-
ble of making decisions regarding health
care. IND.CODE § 16-8-12-1(2) (1988
Ed.) defines health care as any care, treat-
ment, service or procedure to maintain, di-
agnose or treat an individual's physical or
mental condition. IND.CODE
§ 16-8-12-4(d) (1988 Ed.) states that an
individual authorized to consent to health

care for another shall act in good faith and in the best interest of the individual incapable of consenting.

*P.S. by Harbin v. W.S.* (1983), Ind., 452 N.E.2d 969, ruled the Marion Superior Court, Juvenile Division, had jurisdiction to authorize the sterilization of an autistic female child when clear and convincing evidence showed that the medical procedure was in the best interest of the child.

In the present case, the trial court erred by using the wrong standard of proof. The trial court incorrectly required clear and convincing evidence that a life threatening situation existed. The proper standard of proof requires clear and convincing evidence that the judicially appointed guardian brought the petition for sterilization in good faith and the sterilization is in the best interest of the incompetent adult.

Reversed.

STATON, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

Appellants seem to take the position that they, as guardians of Victoria, have authority to consent to the sterilization and that this consent may confer upon a health care provider the authority to effect such sterilization without a carefully considered judicial order.[1] The majority opinion seems to adopt this position when it states that "IND.CODE § 16–8–12–4(a) (1988 Ed.) permits a judicially appointed guardian to consent to health care for an adult incapable of making decisions regarding health care."

I am not at all convinced that sterilization under circumstances such as before us constitutes "health care" as defined by I.C. 16–8–12–1(2). In any event sterilization under Indiana law must, in my view, occur only after an evidentiary hearing, following which the court finds clear and convincing evidence that sterilization is in the best interests of the individual concerned without regard to whether a guardian has consented.

In the case before us the evidentiary hearing was conducted but the court, as correctly noted by the majority, utilized the wrong standard of proof. I therefore concur in the reversal and remand for further proceedings.

---

1. The State of Indiana by the Attorney General has waived the filing of a brief and states that it is not opposed to the granting of the relief sought by the appellants.